UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARZALLAH MARTIN-DREW
SINGLETON EL BEY,

Plaintiff,

v.

THE PEOPLE OF THE STATE OF NEW
YORK,

Defendant.

---

24-CV-2208 (RA)

ORDER OF DISMISSAL

RONNIE ABRAMS, United States District Judge:

Plaintiff Marzallah Martin-Drew Singleton El Bey originally filed this matter as a miscellaneous case on June 26, 2023, on behalf of the "Martin Drew Singleton Trust/Estate." ECF 2. Page two of the submission is captioned as a notice in a civil matter before the New York State Supreme Court, Queens County, lists Singleton as the plaintiff, and lists AA Trucking Renting Corp. and five other entities as the defendants. *Id*. at 2. Singleton also submitted a "Miscellaneous Case Cover Sheet," which lists the People of the State of New York as the plaintiff and Singleton as the defendant. Because the nature of Plaintiff's filing did not fit any of the listed categories of miscellaneous matters, by order dated July 11, 2023, Judge Lorna G. Schofield directed the Clerk of Court to administratively close the miscellaneous case, and to open Plaintiff's submission as a new civil action listing Singleton as the Plaintiff and "The People of the State of New York" as the Defendant. ECF 1. On March 25, 2024, the Clerk of Court opened Plaintiff's submission as a new civil action, and it was assigned this case number.[1] For the reasons set forth below, the Court dismisses the complaint.

---

[1] By order dated March 26, 2024, Chief Judge Swain directed Plaintiff to either pay the fees required to file a civil action in this court or file an application for leave to proceed *in forma pauperis*. On March 29, 2024, Plaintiff paid the fees, and the matter was reassigned to my docket.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court must construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

## BACKGROUND

Together with his complaint, Plaintiff submits various documents, none of which include any indication of why he is filing them in this Court. Plaintiff's submissions include two copies of a "Conditional Acceptance and Opportunity to Cure," which is a 7-page, single-spaced document; every other page shows Plaintiff's signature over a thumbprint and a 2-cent stamp. ECF 1 at 4-12, 15-21. The first copy is addressed to Chief Judge Swain of this Court, the second to New York State Attorney General Letitia James. *Id.* By way of example, this document includes the following language:[2]

> Amicus curiae. As a friend of the court, we will conditionally accept your presentment of charges and warrants for cases #CR-020479-22NY und #CR-007555-22BX; for set off, settlement, and closure with full immunity without recourse based upon your presentment of an authorized and signed original contract with undersigned's direct explicit consent, a valid Certificd Proof of Claim, admission of dishonor, admission of guilt to originally lying under oath, admission to defamation of character, admission to violations of due process of Law and the Law of Nations, admission to fraud, admission to treasonous acts, admission to violation of United States Public Law 130-150 [103d Congress Joint Resolution] admission to violation of International Law, admission to private inflicting and afflicting injuries thereby causing injury to Right to Life, Liberty, Pursuit of Happiness, and otherwise to the body of Martin Drew Singleton in multiple physical attacks by multiple NYPD policy enforcers, admission to violating the

---

[2] These quotes are verbatim. All capitalization, punctuation, omissions, and grammar are in the original.

> substance of intellectual property represented by the "name" CAPITIS
> DIMINUTIO all-capital-letters "MARTIN DREW SINGLETON", and Valid Proof
> of Claim that MARTIN DREW SINGLETON Trust Estate & Marzallah Martin
> Drew Singleton El Bey isn't the lst lien holder, entitlement holder, and interest
> holder in these cases.

ECF 1 at 5.

Another example reads as follows:

> Please note that any use of case law added with this agreement, is in no way any
> submission and/or subjection to any other jurisdiction, other than the jurisdiction
> indicated herein, i.e., common law arbitration. There is no consent, and/or intent,
> and/or attempt to surrender any rights and/or waive any rights, and nothing at
> present, in the past, or in the future shall be construed so as to be deemed to the
> contrary of that which is stated herein. Martin Drew Singleton and/or the Martin
> Drew Singleton Securities Aquisition Trust Commission©™ respects the
> intellectual and physical property of others. Copyright Disclaimer Under Section
> 107 of tile Copyright Act 1976, allowance is made for "fair use" for purposes such
> as criticism, comment, news reporting, teaching, scholarship, and research. Any
> misuse, copyright infringement, or infringement on property is an automatic
> violation of the Uniform Commercial Code Financing Statement on file with New
> York State.

*Id.* at 17.

Plaintiff also submits documents purportedly signed by United States Secretary of State

Anthony Blinken, New York Deputy Secretary of State for Business and Licensing Services

Whitney A Clark, New York County Clerk Milton Adair Tingling, and City Registrar of the New

York City Department of Health and Mental Hygiene Gretchen Van Wye, *id.* at 25-26, 29, 31; a

copy of Plaintiff's birth certificate that is stamped "void"; a civil cover sheet; and another

document addressed to Chief Judge Swain titled "Actual and Constructive Notice of Default and

Engagement into a Private Contract." *Id.* at 33-48.

## DISCUSSION

The Court dismisses the complaint as frivolous.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*,

3

550 U.S. 544 (2007); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory."); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").

Plaintiff's complaint consists of documents containing largely incomprehensible legal and other jargon. It alleges no facts suggesting that anyone has violated Plaintiff's rights and implicates no viable cause of action. Accordingly, as there is no factual predicate or legal theory on which Plaintiff may rely, the Court dismisses the complaint as frivolous.

District courts generally grant a pro se plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011).   Because the defects in Plaintiff's complaint are "substantive[,] better pleading will not cure it" and "[r]epleading would thus be futile." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Haynes v. Foschio*, No. 21-1767, 2022 WL 433337, at *2 (2d Cir. Feb. 14, 2022); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (noting that a court may dismiss without leave to amend "where the substance of the claim pleaded is frivolous on its face").

## CONCLUSION

The Court dismisses Plaintiff's complaint as frivolous.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   May 2, 2024
         New York, New York

_____
RONNIE ABRAMS
United States District Judge